UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WALTER F. HAGEMAN,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-09-095-CI

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 15.) Attorney Maureen J. Rosette represents Walter F. Hageman (Plaintiff); Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §401-34, on December 3, 2004, (Tr. 13) and filed for Supplemental Security Income (SSI) on December 1, 2004. (Tr. 384.) He alleged disability

due to tendonitis, rotator cuff tear, severe degenerative joint disease of the right hand, gastrointestinal reflux disease, high blood pressure, poor vision, depression and narcolepsy. (Tr 65.) He alleged an onset date of June 1, 2001, in his DIB application. (Tr. 61.) His claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on November 7, 2006, before ALJ John R. Crickman. (Tr. 407-55.) Plaintiff, who was represented by counsel, testified. Mrs. Hageman, Plaintiff's spouse, and vocational expert Tom L. Moreland (VE) also testified. (Tr. 403.) On February 23, 2007, the ALJ denied DIB benefits, but determined Plaintiff was eligible for SSI as of December 1, 2004, through the date of the decision. Plaintiff requested review regarding the DIB determination, and the Appeals Council denied review. (Tr. 13-19, 400, 5-8.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 57 years old. (Tr. 420.) He has a high school education and one year of college. (*Id*.) Plaintiff was married and lived with his spouse and eight-year-old granddaughter. (Tr. 422.) He testified his spouse and granddaughter do most of the household chores, and he could do small jobs for short periods of time. (Tr. 422-23.) Plaintiff has past work experience as an auto mechanic, dishwasher, house painter, pesticide operator and electrician's helper. (Tr. 433-36, 444-46.) He testified he is

unable to grip with either hand, or sustain work due to his degenerative joint disease, post-surgery problems, and attendant pain.

**ADMINISTRATIVE DECISION**

ALJ Crickman first found Plaintiff met the insured status requirements under Title II of the Social Security Act for DIB and was insured through March 31, 2002. (Tr. 13, 15.) He then found the medical records relevant to the Title II insured status period did not establish disability prior to March 31, 2002, and Plaintiff therefore was not entitled to DIB. (Tr. 13.) He then conducted a formal sequential evaluation to determine if Plaintiff was eligible for SSI. (Tr. 15-18.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 1, 2004, the date of application for SSI. (Tr. 15.) At step two, he found that beginning December 1, 2004, Plaintiff had severe impairments of osteoarthritis in the right hand post two surgeries and degenerative joint disease of the right shoulder post surgery. (*Id*.) He found the evidence did not support a finding of a severe mental impairment. (Tr. 17.) At step three, ALJ Crickman determined the severe impairments did not meet or medically equal one of the listed impairments in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). (Tr. 16.) He found Plaintiff generally credible and, as of December 1, 2004, capable of light exertion and sedentary work with limitations in his ability to reach in all directions with his right arm and less than occasional use of his right hand for handling and fingering. (*Id*.) At step four, the ALJ found Plaintiff could not perform past relevant work

and did not possess skills transferable to other work within his residual functional capacity (RFC). (Tr. 17.) Proceeding to step five and considering VE testimony and the Medical Vocational Guidelines (20 C.F.R. Part 404, Subpart P, Appendix 2), the ALJ determined Plaintiff was disabled and eligible for SSI as of December 1, 2004, through the date of his decision, but Plaintiff was not under a disability at any time through March 31, 2002, Plaintiff's date of last insured for DIB purposes.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative

findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question on review is whether the ALJ's decision is supported by substantial evidence and free of legal error. The sole issue is whether the ALJ erred in finding Plaintiff ineligible for DIB between June 1, 2001, the alleged onset date, and March 31, 2002, Plaintiff's date of last insured for DIB purposes. Plaintiff argues the ALJ erred when he failed to conduct a proper sequential evaluation and make findings relating to the period before December 1, 2004. He also claims (1) the ALJ failed to properly reject the December 7, 2006, opinion letter from his treating physician, and (2) the ALJ improperly disregarded Plaintiff's testimony. (Ct. Rec. 14 at 12-13.)

**DISCUSSION**

During disability proceedings, the burden of proof in steps one through four of the sequential evaluation process is on the claimant to show he is disabled. At step one, the claimant must establish that he has not had substantial gainful employment as of his alleged onset date of disability. At step two, he has the burden to present evidence sufficient to establish a "severe" impairment, *i.e.,* one that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520 (b) and (c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied and the sequential evaluation process is

ended. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005-06 (9th Cir. 2002).

To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1508, .1528.

For purposes of step two, an impairment must result from "anatomical, physiological or psychological abnormalities" which can be shown by "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1528. However, the fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling," as defined by the Social Security Regulations (Regulations). *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). Significantly, the Regulations provide a claimant must present evidence that his severe impairment will result in death or meets the "duration requirement," that is, it is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509. Thus, if the Commissioner finds the claimant does not have a severe medically determinable physical or mental impairment that meets the duration requirement, a finding of "not disabled" is warranted at step two, and the sequential evaluation is ended. 20 C.F.R. § 404.1520(c).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which

would have no more than a minimal effect on an individual's ability to work." *Social Security Ruling (SSR)* 85-28.[1] "Medical evidence alone is evaluated in order to assess the effects of the impairments on ability to do basic work activities." *Id*. Thus, in determining whether a claimant has a severe impairment, the ALJ evaluates the medical evidence submitted and must explain the weight given to the opinions of accepted medical sources in the record.

Here, prior to addressing Plaintiff's SSI claim, ALJ Crickman found as follows:

> The undersigned finds the medical records do not establish the claimant was disabled prior to March 31, 2002 [Plaintiff's date of last insured for DIB]. Therefore, in accordance with a finding that the claimant was not disabled prior to March 31, 2002, the claimant is not eligible or entitled to a period of disability and Disability Insurance Benefits under Title II, sections 216(I) and 223, respectively, of the Social Security Act.

(Tr. 13.)

The record shows the ALJ's denial of Plaintiff's DIB application is supported by substantial evidence. Plaintiff did not present evidence of a medically determinable impairment that would have a significant effect on his ability to work between June 1,

---

[1] Social Security Rulings are issued to clarify the Commissioner's regulations and policy. They are not published in the federal register and do not have the force of law. However, the court is required to give deference to the Commissioner's interpretation of the Regulations. *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991). The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

2001, and March 31, 2002. The only submissions relevant to that period are: medical records from Family Eye Care of Republic documenting routine eye care with reports of good vision and successful fitting for contact lenses (Tr. 284-95); emergency room reports dated March 30, 2000, and July 25, 2000, from Ferry County Memorial Hospital relating to a knee injury when Plaintiff stepped on a board with a nail, and dizziness secondary to heat exhaustion on the job, for which he was advised to rest, consume liquids and avoid excessive work under the sun (Tr. 331-42); and a clinic note from Republic Medical Clinic dated December 12, 2001, concerning Plaintiff's resolving bronchitis (Tr. 355-56). Plaintiff does not reference contemporaneous medical evidence to establish that any of these problems lasted or were expected to last the 12 months to meet the durational requirement. In addition, it is noted on independent review of the record that in his November 2004 disability report, Plaintiff stated he became unable to work due to his medical problems in August 2004. (Tr. 65.)

The ALJ did not err in concluding that medical evidence does not establish Plaintiff was disabled prior to March 31, 2002. (Tr. 13.) Without any medical evidence of a severe impairment to evaluate, reject or accept, the ALJ could not and is not required to conduct a full sequential evaluation. *Ukolov*, 420 F.3d at 1005. Further, in reviewing the Commissioner's findings, the court may draw inferences from the ALJ's summary of the evidence and findings. *Magallanes v. Bowen*, 881 F.2d. 747, 755 (9th Cir. 1989). Because of the dearth of objective medical evidence relating to the insured status period for DIB purposes, it can be inferred from the ALJ's

findings that Plaintiff did not meet his burden at step two, *i.e.*, he did not present objective medical evidence of severe impairments that lasted or were expected to last more than 12 months. 20 C.F.R. §§ 404.1508, .1509. The ALJ, therefore, was not required to continue with the sequential evaluation.

The fact that the ALJ did not formally identify steps one and two in his consideration of Plaintiff's DIB application does not render his Title II determination fatally erroneous. Even assuming the ALJ's limited findings concerning Plaintiff's DIB application were legal error, the error is harmless because remand for additional evaluation and findings based on medical records related to the DIB period would not alter the ALJ's decision. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995). Because Plaintiff has not met his burden of providing objective medical evidence to establish the existence of a severe impairment during his insured status period, Plaintiff is not entitled to Title II benefits.

Plaintiff also asserts the ALJ erred when he failed to make credibility findings "prior to December 1, 2004." (Ct. Rec. 14 at 14.) He appears to argue the ALJ should have made explicit credibility findings when considering Plaintiff's DIB claim. Plaintiff's argument is inapposite, as his statements alone are insufficient to entitle him to Title II benefits. The consideration of the DIB claim ended when the ALJ properly determined there was no evidence of a "severe impairment," as defined by the Regulations, during Plaintiff's insured status period. *Ukolov,* 420 F.3d at 1005. When determining whether a claimant has a severe impairment,

objective medical evidence in the form of medically acceptable clinical diagnostic techniques is considered; credibility bears on the evaluation of medical evidence only to the extent there is a conflict between medical opinions or between a medical diagnosis and claimant's subjective complaints. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005); *SSR* 96-4p. "Under no circumstances may the existence of an impairment be established on the basis of symptoms alone." *SSR* 96-4p; *see also* 20 C.F.R. §§ 404.1508, 416.908.

As discussed above, Plaintiff did not provide sufficient medical evidence to establish a medically determinable severe impairment between June 1, 2001, and March 31, 2002. Although Plaintiff references testimony about his limitations at the time of the hearing, (Ct. Rec. 14 at 13), he does not specify how Plaintiff's credibility, or lack thereof, would bear on the evaluation of medical evidence relevant to the 2001-2002 DIB insured status period. The ALJ did not err in his consideration of Plaintiff's testimony.

Plaintiff appears to argue the ALJ should have found him disabled for DIB purposes based on a December 7, 2006, opinion letter from his treating physician, Giannantonio Giuliani, M.D. In that letter, Dr. Giuliani stated Plaintiff had a "very stormy course" with his hand, thumb and shoulder problems in early 2000. (Tr. 382.) Plaintiff claims the ALJ did not properly reject this treating physician opinion. (Ct. Rec. 14 at 13-14.) This argument fails because the ALJ specifically addressed this opinion and rejected Dr. Guiliani's assessment of Plaintiff's condition in 2000, finding "there is no objective medical documentation to support

these statements." (Tr. 16.)

If the treating physician's opinions are not contradicted, they can be rejected by the decision-maker only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995). Nonetheless, an ALJ is not obliged to accept the opinions from treating physicians whose opinions are "brief, conclusory, and inadequately supported by clinical findings." *Magallanes*, 881 F.2d at 751.

Here, the ALJ did not err in his rejection of Dr. Guiliani's statement relating to Plaintiff's condition in early 2000. As discussed above, there is no objective medical evidence to establish a severe impairment meeting the duration requirement between June 1, 2001, and March 3, 2002. Dr. Giuliani's 2006 letter regarding Plaintiff's condition in early 2000 is not supported by contemporaneous objective medical tests and reports or clinic notes. The ALJ articulated a legally sufficient reason to reject Dr. Guiliani's conclusory statement relating to Plaintiff's medical condition in 2000. *Ukolov*, 420 F.3d at 1005-06; *Lester*, 81 F.3d at 830; *Andrews,* 53 F.3d at 1043; *Magallanes*, 881 F.2d at 751.

Having failed to establish a disability during his insured status period for DIB purposes, Plaintiff is eligible only for SSI benefits, which are calculated based on his SSI application date. 20 C.F.R. § 416.335. Therefore, the ALJ properly assessed the evidence to determine whether Plaintiff was disabled as of December 1, 2004. (Tr. 18, 384-87.) Based on the objective medical evidence

in the record, Plaintiff's credible statements, and the VE's testimony, the ALJ properly found Plaintiff was disabled and eligible for SSI. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be closed and judgment entered for Defendant.

DATED April 27, 2010.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE